UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| FERNANDO AUGUSTO ARAUJO GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, BLUEBONNET DETENTION CENTER,<br><br>Respondent. | No. 1:26-CV-00460-H |

**ORDER**

Petitioner, a self-represented immigrant detainee, filed a 28 U.S.C. § 2241 habeas petition challenging his detention in the Bluebonnet Detention Center (BDC) since August 14, 2026. Dkt. No. 1. He seeks immediate release on supervision or a prompt bond hearing. Petitioner also filed an emergency motion for a temporary restraining order (TRO) and preliminary injunctive relief, seeking to prevent his transfer to another detention facility outside this district while his petition remains pending and directing Respondent to provide him appropriate medical care for his preexisting vascular condition that affects his left lower extremity. Dkt. No. 4. As explained below, the emergency motion for TRO is denied.

**1. Legal Standards**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for

preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2. Analysis and Conclusion**

After reviewing Petitioner's pleadings, the supporting records, and the applicable law, the Court concludes that he has not satisfied all of the elements necessary to warrant a TRO or any type of emergency or preliminary injunctive relief at this time.

First, Petitioner fails to show that there is a substantial likelihood that he will be able to demonstrate that his detention violates the Constitution or laws of the United States, that there is a substantial threat of irreparable harm, or that issuing the injunction will not disserve the public interest.

Second, Petitioner's possible transfer to another district in the future will not affect the Court's jurisdiction to adjudicate his petition. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). Thus, to the extent Petitioner seeks an order preventing his transfer to another district, the request is denied as unnecessary.

Lastly, to the extent Petitioner seeks to prevent his transfer to another facility based on his contention that doing so could disrupt the medical care that he was receiving for his vascular condition before his detention began and, in turn, worsen the condition of his left lower extremity, his request is denied. Any claim for injunctive relief that stems from or concerns the medical treatment that Petitioner is receiving at BDC is not cognizable under habeas review, and the Court will not consider such claims in this action.[1] Moreover, the potential harm that Petitioner contends he may suffer is speculative. Petitioner fails to show that his transfer to another facility is imminent or that any particular facility to which he could be transferred is unable to provide him the medical treatment that he needs.

[1] Habeas is reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," while civil-rights actions are typically used to attack conditions of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). If Petitioner intends to seek injunctive relief based on the conditions of his detention at BDC, he must file a separate civil-rights action in a procedurally correct manner.

For these reasons, the Court denies Petitioner's motion for TRO and preliminary injunctive relief. Petitioner's petition remains pending, and the Court will enter a separate order requiring an answer from Respondent and setting a briefing schedule.

So ordered.

Dated September 23, 2026.

James Wesley Hendrix
United States District Judge